**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ALLAN WINN and MICHELLE WINN,** )<br>)<br>  **Plaintiffs,** )<br>)<br>  vs. )<br>)<br>**ALLSTATE CASUALTY CO.,** )<br>)<br>  **Defendant.** ) | CAUSE NO. 1:08-cv-1332-WTL-JMS |

## ENTRY ON MOTION TO REINSTATE

This case was dismissed without prejudice in July 2009 as a sanction for the recalcitrant conduct of the attorney who then represented the Plaintiffs. Not surprisingly given his performance in this case, that attorney was disbarred from the practice of law in Indiana effective December 2010. The Plaintiffs obtained new counsel in early February 2011 after learning that their case had been dismissed, and this cause is now before the Court on the Plaintiffs' motion seeking to reinstate their complaint.

Reinstatement is not an available avenue when, as here, a case is dismissed without prejudice. Rather, "after a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008) (noting that "[t]here is a difference between dismissing a suit without prejudice and dismissing a suit with leave to reinstate"). The Defendant suggests that either reinstating this complaint or filing a new complaint would be futile because the statute of limitations has run. The Court expresses no opinion on this matter, but assumes that Plaintiffs' counsel will carefully examine the issue prior

to deciding whether to file a new action.[1]

The dismissal of their case based upon their attorney's failures undoubtedly seems grossly unfair to the Plaintiffs. The Court is bound by the law, however, and as the Seventh Circuit noted in a similar situation:

> It is unfortunate for [the Plaintiffs] that [their] attorney's neglect resulted in the dismissal of what may have been a meritorious action. The result here may seem harsh, but when a lawyer's inattentiveness becomes as serious as it was here, it imposes costs on everyone: the client, the opponent, and the court system. [The attorney] was [the Plaintiffs'] agent, and [the Plaintiffs are] thus bound by his actions. *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir.2004). The proper remedy, if [the Plaintiffs are] to have one at all, is a malpractice action against the attorney. *See Tango Music, L.L.C. v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir.2003).

*Martinez v. City of Chicago*, 499 F.3d 721, 728 (7th Cir. 2007); *see also U.S. v. 8136 S. Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1084 (7th Cir. 1997) ("[A] client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct. Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. . . . Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary.") (citations omitted).

For the foregoing reasons, the Plaintiffs' motion to reinstate their complaint is **DENIED**.

---

[1] The Court notes that there also is no relief available to the Plaintiffs pursuant to Federal Rule of Civil Procedure 60(b)(6). *See, e.g., Easley v. Kirmsee,* 382 F.3d 693, 699 n. 5 (7th Cir. 2004) (Rule 60(b)(6) "is unavailable when attorney negligence is at issue."). Further, even if Rule 60(b)(6) relief were available in some instances of attorney neglect, it would not be available in this case because the Plaintiffs failed to act promptly to discover and address their former attorney's negligence and the ultimate dismissal of their case. *See Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1235 (7th Cir. 1983) ("The lawyer Royce's conduct was grossly negligent. He acted with complete disregard for the judicial process. But even if such conduct might otherwise raise Rule 60(b)(6) grounds for relief, the defendants lose this appeal because they, too, were neglectful" in that they failed to follow the progress of the case.).

SO ORDERED: 07/25/2011

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification